IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODNEY C. FRAZIER,

    Petitioner,                 No. CIV S-08-0073 WBS JFM P

    vs.

TONY HEDGEPETH, Warden,

    Respondents.            <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

           On February 2, 2009, petitioner, a state prisoner proceeding pro se, filed late objections to the September 12, 2008 findings and recommendations.[1] On January 21, 2009, this action was dismissed as barred by the statute of limitations and judgment was entered. Thus, the court construes petitioner's February 2, 2009 filing as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).[2] Petitioner contends that the court did not adequately evaluate his contention that his history of medical problems and pain medications entitled him to equitable tolling of the limitations period.

---

[1] Petitioner was granted an extension of time up to and including January 5, 2009 in which to file and serve objections. Petitioner's objections were given to prison officials for mailing on January 29, 2009.

[2] The Federal Rules of Civil Procedure may apply to any habeas corpus proceeding "to the extent that they are not inconsistent with any statutory provisions" or the Rules Governing Section 2254 Cases in the United States District Courts. Rule 11, 28 U.S.C. foll. § 2254.

1

Federal Rule 60(b)(6) of the Federal Rules of Civil Procedure provides in relevant part that a party may be relieved from a final judgment or order on a showing of "any other reason justifying relief from the operation of the judgment." Rule 60(b)(6) is "a provision . . . used 'sparingly and as an equitable remedy to prevent manifest injustice.' United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir.1993). A party is entitled to relief under Rule 60(b)(6) where 'extraordinary circumstances prevented [him] from taking timely action to prevent or correct an erroneous judgment.' Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir.1997) (citations and quotation marks omitted); see also Ackermann v. United States, 340 U.S. 193, 200-02, 71 S.Ct. 209, 95 L.Ed. 207 (1950)." Hamilton v. Newland, 374 F.3d 822, 824 (9th Cir. 2004).

The contentions in petitioner's objections were raised in his opposition to respondent's motion to dismiss, and considered by the district court in its de novo review of the record herein. The findings and recommendations set forth petitioner's myriad medical problems as well as his narcotics prescriptions for pain. Mere reassertion of those contentions, even if in slightly expanded form, does not meet the substantive showing required by Fed. R. Civ. P. 60(b)(1) to warrant relief from the final judgment entered in this action. This court cannot find that the various medical procedures and pain medications prevented petitioner from pursuing this case over the course of almost ten years.

On April 13, 2009, petitioner filed a request for status of his objections, noting his desire to file an appeal of the dismissal of his case. Petitioner is advised that his appeal time is extended by the court's ruling on his motion for relief from judgment. Fed. R. App. P. 4(a)(4)(A). Petitioner must file his appeal within thirty days from the date his motion for relief from judgment is decided by the district court. Id., Fed. R. App. P. 4(a)(1)(A).

For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's February 2, 2009, objections, construed as a motion for relief from judgment, be denied.

/////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 16, 2009.

UNITED STATES MAGISTRATE JUDGE

001; fraz0073.60b